UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EARL SMITH, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 4:10CV1155 CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

On April 6, 2011, I denied movant Earl Smith's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and in the same order I denied a certificate of appealability. The Eighth Circuit Court of Appeals also denied his request for a certificate of appealability. Smith has now filed a "Motion Under Rule 60(b)." Smith says that he has "attempted several times" to show that he was "set up" by the police, most recently in this § 2255 action. He argues that he should be allowed to continue those attempts, and so "presents three statements from family members" supporting the arguments he made in the § 2255 motion.

Smith's motion must be denied. Rule 60 provides a method for seeking relief from a judgment on a variety of grounds, but in the context of a habeas proceeding, it cannot be used as a way to avoid dealing with the rule against successive habeas petitions. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). 28 U.S.C. § 2255(h) requires a movant seeking to bring a second or successive § 2255 motion to first obtain permission from the Court of Appeals. In *Gonzalez v. Crosby*, 545 U.S. 524, 538

(2005), the Supreme Court explained that motions attacking "some defect in the integrity of the federal habeas proceedings" could be brought under Rule 60(b), but motions asserting a claim on the merits could not.  *See also Ward v. Norris*, 577 F.3d 925 (8th Cir. 2009).  Examples of appropriate Rule 60 motions in habeas cases are those which attack a court's decision on things such as exhaustion, procedural bar, or statute of limitations.

Here, although Smith argues that his motion is not a successive § 2255 motion, he admits that his arguments are the same as he has raised multiple times before: he argues that the police who arrested him set him up and planted evidence, and that his counsel was ineffective.  These are claims on the merits, and the motion that he claims is brought under Rule 60(b) is a successive § 2255 motion.  Because Smith has failed to receive authorization from the Eighth Circuit Court of Appeals before filing this motion, it must be denied.

For these reasons,

**IT IS HEREBY ORDERED** that Smith's motion under Rule 60(b) [#41] is denied.

_____
  CATHERINE D. PERRY
  UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2012.